Ronald P. Oines (State Bar No. 145016)
April Walter (State Bar No. 186920)
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for defendants, counterclaimants and crossclaimants COLT'S MANUFACTURING COMPANY LLC, NEW COLT HOLDING CORP. and COLTEC INDUSTRIES INC.

FILED

2005 MAY 26  A 10: 55

CLERK, US DIST. COURT
EASTERN DIST. OF CALIF
AT FRESNO
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE ROSENBERG, etc., et al., | Case No. CIV-F-04-5418 OWW (TAG) |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| vs. | |
| COLT'S MANUFACTURING COMPANY LLC, etc., et al., | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS AND CROSSCLAIMS | |

WHEREAS, each party believes it may possess Confidential Information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, each party believes certain answers to interrogatories and requests for admissions, certain documents produced by parties and/or nonparties, certain information obtained from inspection of premises and things, and certain testimony at depositions all of which may be provided in response to discovery requests in this action, may require disclosure of Confidential Information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, each party believes it is in the interests of the parties to conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of

Civil Procedure, the parties stipulate that the Court should ORDER as follows:

1. As used in this Order the word:

    a. "Person" shall include any party to this action or any non-party.

    b. "Discovering counsel" shall mean the counsel of record seeking discovery.

    c. "Confidential Information" means any type of information or material which is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the terms of this Order.

2. Whenever a Person provides to any party to this action material which contains or discloses trade secrets or confidential research, development, commercial, financial or proprietary information, or which contains or discloses information protected by the right to privacy, that Person ("the Producing Party") may designate the material as Confidential Information. To designate any material as Confidential Information, the Producing Party shall mark all or part of the material with a legend substantially as follows: "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER." In lieu of marking the original documents, the Producing Party may mark the copies that are produced.

3. A person may designate highly sensitive Confidential Information as "ATTORNEYS' EYES ONLY" by adding that legend where appropriate. The "ATTORNEYS' EYES ONLY" designation shall be used only where necessary to protect highly sensitive Confidential Information. In lieu of marking the original documents, the producing party may mark the copies that are produced.

4. A Producing Party may designate as Confidential Information any material provided to any party in this action that meets the standards of confidentiality set forth in paragraph 2 or 3 of this Order, including, without limitation, testimony at depositions, answers to interrogatories or requests for admission, documents produced, and information obtained from inspection of premises or tangible objects. If a third party who is not a party to this agreement


produces, in response to discovery requests in this action, material or information that the third party received in confidence from a party hereto and which meets the standards of confidentiality set forth in paragraph 2 or 3 of this Order, then that party hereto may designate (or cause the producing third party to designate) such material or information as Confidential Information.

5. Persons may designate as Confidential Information only those documents and information that they in good faith believe are entitled to protection pursuant to the standards set forth in paragraph 2 or 3 of this Order.

6. The receiving party may disclose Confidential Information only to Qualified Persons as set forth in paragraph 9 of this Order, and only in accordance with the terms of this Order.

7. The receiving party may disclose Confidential Information designated additionally as "ATTORNEYS' EYES ONLY" only to Qualified Persons as set forth in Paragraph 9(a), (b), (e) and (f).

8. Except by leave of Court, the receiving party shall not use any Confidential Information for any purpose other than in connection with the preparation, trial and appeal, including any retrials, of this action. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as Confidential Information consents in writing to such disclosure.

9. For purposes of the preparation, trial, and appeal of this action, and subject to this Order, discovering counsel may disclose Confidential Information and the contents of Confidential Information only to the following Qualified Persons:

    a. Attorneys of record in this litigation, and employees of such attorneys and in-house counsel employed by the receiving party (who are not involved in the design and/or production of the party's products) to whom it is necessary that Confidential Information be disclosed in order to effectuate the attorneys' representation of their respective clients in this action.

  b. Any non-party expert or non-party consultant retained or employed by a party or its attorneys of record concerning the preparation, trial, and appeal including any retrials of this action. Such expert or consultant and his or her secretarial and clerical employees must complete and sign a Confidentiality Statement in the form of Exhibit A, attached ("Confidentiality Statement").

  c. Two representatives designated specifically by each party to attend depositions and assist in pretrial discovery, and who complete and sign a Confidentiality Statement. A copy of such Statements must be given to the other party before access is allowed to the Confidential Information.

  d. Any other person who is designated as a Qualified Person by Order of this Court after notice to all parties, or who by agreement of the parties is designated as a Qualified Person. Any Person designated under this subparagraph must complete and sign a Confidentiality Statement. A copy of that Statement must be given to the other party before access is allowed to the Confidential Information.

  e. Witnesses, if the witness authored or received a copy of or otherwise already knows the Confidential Information

  f. Court reporters and their staff, the Court and any person employed by the Court whose duties require access to Confidential Information.

  10. A deponent may be shown and examined about any document stamped "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY" if the deponent produced, authored, received a copy of, or otherwise already knows the Confidential Information.

  11. All depositions taken by any party at which any Confidential Information is to be used or is inquired into shall be conducted only in the presence of the deposition witness and his or her counsel, and other persons described in paragraph 9 of this Order. If any Confidential Information designated as "ATTORNEYS' EYES ONLY" is used or inquired into, the Qualified Person(s) described in paragraph 9(c) shall be excused from that part of the deposition.

12. Counsel for any deponent or party may designate deposition testimony or exhibits as Confidential Information by so indicating on the record at the deposition. Failure of counsel to designate testimony or exhibits as confidential at depositions, however, shall not constitute a waiver of the confidentiality of the testimony or exhibits. Upon receipt of the transcript of the deposition, counsel shall have forty-five (45) days in which to designate in writing specific pages and lines of the transcript or the exhibits as Confidential Information, and shall specifically include in such designation any pages and lines of the transcript, and identify any Exhibits, that were designated as Confidential Information on the record at the deposition. During this forty-five (45) day period, the entire transcript will be treated as Confidential Information. Unless deposition testimony or exhibits are designated as Confidential Information in accordance with this paragraph, any other party shall be entitled to treat such testimony or exhibits as non-confidential material.

13. When material disclosed during a deposition is designated as Confidential Information at the time testimony is given, the reporter shall mark the face of the transcript with "PORTIONS OF THIS TRANSCRIPT ARE DESIGNATED AS CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER" and/or "PORTIONS OF THIS TRANSCRIPT ARE DESIGNATED AS ATTORNEYS' EYES ONLY--SUBJECT TO PROTECTIVE ORDER," as the case may be. Counsel shall ensure that portions of transcripts designated as "ATTORNEYS' EYES ONLY" are redacted or removed from transcripts prior to any such transcripts being provided to any person to whom disclosure of such information is not permitted under this Order.

14. If any party to this litigation disagrees at any stage of these proceedings with the designation of any information as "CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY", the parties shall try first to resolve such disputes in good faith between themselves. If the dispute cannot be resolved, the objecting

1  party may seek appropriate relief from this Court, and the party asserting
2  confidentiality shall have the burden of proving by a preponderance of the evidence
3  that there is good cause for the material to have such protection.  Pending resolution
4  of any motion filed pursuant to this paragraph, all parties and other persons bound
5  by this Order shall continue to treat the disputed material as "CONFIDENTIAL
6  INFORMATION" or as "ATTORNEYS' EYES ONLY" until the issue is resolved
7  by the Court.

8      15.   If any Confidential Information is inadvertently provided without being
9  marked as confidential in accordance with paragraph 2 or 3 of this Order, the failure
10  to mark the material shall not be deemed a waiver of its confidentiality.  Until the
11  material is designated as confidential by the Producing Party, however, the
12  Discovering Party shall be entitled to treat the material as non-confidential.  When
13  the material is designated as confidential, the Discovering Party shall take prompt
14  steps to ensure that it is designated confidential or returned to the Producing Party
15  for confidential designation pursuant to paragraph 2 or 3.

16      16.   If a person through inadvertence produces or provides discovery which
17  it believes is subject to a claim of attorney-client privilege or work product
18  immunity, the Persons may give written notice to the receiving party or parties that
19  the document or thing is subject to a claim of attorney-client privilege or work
20  product immunity and request that the document or thing be returned to the Person.
21  The receiving party or parties shall then promptly return to the Person such
22  document or thing and all copies thereof.  Return of the document by the receiving
23  party shall not constitute an admission or concession or permit any inference, that
24  the returned document or thing is, in fact, properly subject to a claim of attorney-
25  client privilege or work product immunity nor shall it foreclose any party from
26  moving the Court for an order that such document or thing has been improperly
27  designated or should be producible for other reasons other than a waiver caused by
28  the inadvertent production.

17. If a Person wishes to file Confidential Information with the Court, such pleadings, memoranda or other papers that contain or refer to Confidential Information will be delivered to the Clerk of the Court in sealed envelopes and shall not be available for public inspection. Such sealed envelopes should bear the word "CONFIDENTIAL" and a statement substantially in the following form:

> "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER ISSUED BY THE COURT. THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS TO BE EXAMINED, DISPLAYED, REVEALED, OR COPIED EXCEPT IN COMPLIANCE WITH THE PROTECTIVE ORDER."

Either party may request that any Court hearing that refers to or describes Confidential Information be held in camera. The manner of presentation and use of Confidential Information at any such hearing and/or at trial shall be addressed by the presiding judge.

18. The Clerk of this Court is directed to maintain under seal all material filed under this Order. Any Persons seeking access to the contents of a sealed envelope or container must file and serve a motion giving all counsel of record ten (10) business days notice. If the Court orders that the sealed envelope or container may be opened, the Order shall specifically identify by name and address the persons(s) who may have access to the contents.

19. Within ten (10) days after the final settlement or termination of this litigation, each party shall give the other party a copy of any confidentiality statement it has obtained from any non-party expert or consultant as described in paragraph 9 (b), if it has not already done so. Within sixty (60) days after the final settlement or termination of this litigation (including any appeals), the receiving party shall return all originals and copies of documents containing Confidential Information, except that the receiving party shall be entitled to destroy, rather than return, work product copies and any Confidential Information stored in or by data

1 processing equipment. Insofar as this Order restricts the communication and use of
2 Confidential Information, the Order shall continue to be binding after the conclusion
3 of this litigation, except that a party may seek the written permission of the
4 Producing Party or further order of the Court with respect to dissolution or
5 modification of this Protective Order. Each Discovering Party and its counsel shall
6 make reasonable efforts to ensure compliance with this paragraph and to locate,
7 retrieve, and return or destroy all Confidential Information provided by the
8 Producing Party.

9     20.    If any person or party having possession, custody or control of any
10 Confidential Information receives a subpoena or other process or order to produce
11 Confidential Information, he, she or it will promptly:

12     a.    Notify in writing the attorneys of record of the party claiming
13 confidentiality of the Confidential Information sought by the subpoena or other
14 process or order;

15     b.    Furnish those attorneys with a copy of the subpoena or other
16 process or order; and

17     c.    Provide reasonable cooperation with respect to a procedure to
18 protect the Confidential Information. If the party asserting confidentiality makes a
19 motion to quash or modify the subpoena, process or order, there will be no
20 disclosure, process or order until the Court has ruled on the motion, and then only in
21 accordance with the ruling. If no motion is made despite a reasonable opportunity
22 to do so, the person or party receiving the subpoena or other process or order will be
23 entitled to comply with it, if the person or party has fulfilled its obligations under
24 this Order.

25     a.    The furnishing, pursuant to this Order, of material designated by
26 a Person as Confidential Information shall not constitute a waiver now or in the
27 future of such Person's claim that the material is confidential.

28     21.    The taking of, or the failure to take, any action to enforce the provision

1 of this Order, or the failure to object to any designation or any such action or
2 omission, will not constitute a waiver of any right to seek and obtain protection or
3 relief, other than as specified in this Order, nor will it be construed to be admissible
4 or offered before any Court, agency or tribunal in this action or any other action, as
5 evidence for any claim or defense that any information is or is not relevant, material,
6 or otherwise discoverable; is or is not confidential or proprietary to any party; or is
7 or is not entitled to particular protection.

8     22. The parties may amend this Order in writing and may seek to have the
9 amendments entered by the Court as part of this Order.

10     23. This Order, upon entry as such by the Court, shall bind the parties
11 represented by the undersigned counsel, the parties' agents, officers, directors,
12 employees, and representatives.

13     24. The terms of this Order shall survive and remain in full force and effect
14 after the termination of this action.

15 Dated: ~~February~~ May 19, 2005

RUTAN & TUCKER, LLP
RONALD P. OINES
APRIL WALTER

By: _____
Ronald P. Oines
Attorneys for defendants, counterclaimants and crossclaimants COLT'S MANUFACTURING COMPANY LLC, NEW COLT HOLDING CORP. and COLTEC INDUSTRIES INC.

22 Dated: February 8, 2005

LAW OFFICE OF STEPHEN J. RINGHOFF
STEPHEN J. RINGHOFF

By: _____
Stephen J. Ringhoff
Attorneys for Plaintiffs, LEE ROSENBERG, individually and as the Guardian ad Litem of ALEX ROSENBERG, a minor and as survivor of JORDAN ROSENBERG

STIPULATED PROTECTIVE ORDER

-9-

1 | Dated: February _____, 2005        OREN & OREN, INC.
2 |                                    CHARLES D. OREN
3
4 |                                    By: _____
5 |                                        Charles D. Oren
                                            Attorneys for SHERRIE RODZON-HARRIS
6 | Dated: May  /9 , 2005              LAW OFFICES OF JESS MERCADO
7 |                                    JESS A. MERCADO
8
9 |                                    By: _____
10|                                        Jess A. Mercado
                                           Attorneys for CRAIG HANSEN
11
12|                                    **ORDER**
13|       IT IS SO ORDERED.
14
15| DATED:_____             _____
16|                                    UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER

-10-

1 | Dated: May 19, 2005

OREN & OREN, INC.
CHARLES D. OREN

By: _____
Charles D. Oren
Attorneys for SHERRIE RODZON-HARRIS

6 | Dated: May _____, 2005

LAW OFFICES OF JESS MERCADO
JESS A. MERCADO

By: _____
Jess A. Mercado
Attorneys for CRAIG HANSEN

**ORDER**

IT IS SO ORDERED.

DATED: 5-24-05

_____
UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER
-11-

## EXHIBIT A

I, _____, declare as follows:

1. My present address is: _____.

2. My present occupation or job description is: _____.

3. My present employer is: _____.

4. I have received a copy of the Stipulated Protective Order ("Order") entered in *Lee Rosenberg, etc., et al., v. Colt's Manufacturing Company, LLC, etc., et al.*, Case No. CIV-F-04-5478 OWW (TAG) pending in the United States District Court for the Eastern District of California. I have carefully read and understand the provisions of the Order.

5. I will comply with all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for the purposes of this action, any Confidential Information that I receive in this action.

6. I submit to the jurisdiction of this Court for the purposes of enforcement of this Order.

Executed this ____ day of _____ 200__ in the County of _____, State of _____.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
SIGNATURE OF DECLARANT

Rutan & Tucker LLP
attorneys at law
2118/023681-0001
582933.01 a05/19/05
-12-
STIPULATED PROTECTIVE ORDER
EXHIBIT A, PAGE 12

**PROOF OF SERVICE BY MAIL**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed by the law office of Rutan & Tucker, LLP in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 611 Anton Boulevard, Fourteenth Floor, Costa Mesa, California 92626-1931.

On May 20, 2005, I served on the interested parties in said action the enclosed:

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

by placing a true copy thereof in sealed envelope(s) addressed as stated below:

Charles D. Oren Esq.
Oren & Oren, Inc.
470 East Herndon, Suite 202
Fresno, CA 93720
Fax: 559-438-7269

Jess A. Mercado, Esq.
Law Offices of Jess A. Mercado
Post Office Box 21717
Bakersfield, CA 93390-1717
Fax: 661-664-8377

Stephen J. Ringhoff, Esq.
Law Office of Stephen J. Ringhoff
Post Office Box 3009
Modesto, CA 95353
Fax: 209-527-1727

In the course of my employment with Rutan & Tucker, LLP, I have, through first-hand personal observation, become readily familiar with Rutan & Tucker, LLP's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice I deposited such envelope(s) in an out-box for collection by other personnel of Rutan & Tucker, LLP, and for ultimate posting and placement with the U.S. Postal Service on that same day in the ordinary course of business. If the customary business practices of Rutan & Tucker, LLP with regard to collection and processing of correspondence and mailing were followed, and I am confident that they were, such envelope(s) were posted and placed in the United States mail at Costa Mesa, California, that same date. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 20, 2005, at Costa Mesa, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

| Angie Spielman | _(Signature)_ |
|---|---|
| (Type or print name) | (Signature) |

2118/023681-0001
577508.01 a04/06/05